## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING

**COREY SPRUILL,**

        Petitioner,

v.                                       **Civil Action No.:5:19cv334**
                                          **(Judge Bailey)**

**PAUL ADAMS, Warden**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On December 23, 2019, Damian Swindle, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction from the Western District of Michigan. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.    BACKGROUND[1]

On March 16, 2018, Petitioner was charged in a one count Indictment which charged

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER and all ECF numbers are from that case. See United States v. Spruill, 3:18-cr-00032-HEH-1. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

as follows:

> On or about September 30, 2017, in the Eastern District of Virginia and within the jurisdiction of this Court, [Petitioner], having been previously convicted of a crime punishable by a term of incarceration exceeding one year, did knowingly, intentionally and unlawfully possess a firearm and ammunition to wit: a Smith & Wesson pistol, model SD9VE, bearing serial number HEZ5331, in and affecting interstate or foreign commerce. (In violation of Title 18, United States Code, Section 922(g)(1)).

ECF No. 9.

On April 11, 2018, Petitioner pleaded guilty to the one count indictment, without a plea agreement. However, on April 11, 2018, petitioner signed a statement of facts which indicated that the parties stipulated and agreed that the allegations set forth in the Indictment were true and correct, and if the matter had gone to trial, the United States could prove each of them beyond a reasonable doubt. In particular, the statement provided that on or about September 30, 2017, in the Eastern District of Virginia, [petitioner] did knowingly, intentionally, and unlawfully possess a firearm…in violation of 18 U.S.C. § 922(g)(1). In addition, the statement provided that a review of Petitioner's criminal history showed that prior to September 30, 2017, he had been convicted of two felonies in the Eastern District of Virginia. Finally, the parties stipulated and agreed that the firearm Petitioner possessed, as described in the indictment, was a firearm within the meaning of the law as defined by 18 U.S.C. 921(a)(3). ECF No. 13.

Thereafter, a Presentence Report ("PSR") was prepared. Petitioner's base offense level for the underlying conduct was 18. With a reduction of three levels for acceptance of responsibility, his base offense level was 15. He was in Criminal History Category V, resulting in an advisory guidelines range of 37-46 months. The statutory maximum sentence was one hundred twenty months. ECF No. 22 at 1. On July 31,

2018, the District Judge filed a notice of contemplated upward variance. The notice indicated that this potential variance was based on Petitioner's criminal history; the need to promote respect for the law; and the need to provide adequate deterrence to criminal conduct. In particular, the Court noted that this was Petitioner's third conviction for possession of a firearm by a convicted felon. ECF No. 21.

Sentencing was held on August 9, 2018. The parties agreed to amend the sentencing guidelines pursuant to U.S.S.G. 2k2.1(a)(4)(B) from level 15 to 21.[2] The Courts Notice of Contemplated Upward Variance was withdrawn, and the Government's Motion for Upward Variance was also withdrawn. Petitioner was sentenced to imprisonment for seventy-eight months to be followed by supervised release for three years. ECF No. 26. Judgment was entered on August 15, 2018. ECF No. 27. Petitioner did not file a direct appeal, nor did he file a motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner's projected release date, via a good conduct time is October 5, 2023. See www.bop.gov/inmateloc/.

### .III. STANDARD OF REVIEW

A. **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a

---

[2] At this level, Petitioner's guideline range was 70-87 months.

district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

### IV.     CLAIMS OF THE PETITION

Petitioner requests that this Court vacate his conviction. In support of this request, Petitioner relies on the recent decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). More specifically, Petitioner argues that while he was a convicted felon, he did not possess the mental wherewithal to understand that he was prohibited from possessing a firearm. ECF No. 1 at p. 10.

### V.     ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district

court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. §

2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones at 333-34 (emphasis added).

Although Petitioner has raised the savings clause[3], he is not entitled to its application. Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones.

---

[3] In his memorandum in support, Petitioner relies on the four-step analysis for challenging a sentence as set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. Wheeler, 886 F.3d at 429. The sole count of the indictment charged Petitioner with possession of a firearm by a convicted felon. By relying on Rehaif, Petitioner is clearly attacking his conviction, and as he notes "the act for which [he] was convicted is no longer considered to be a crime." ECF No.1 at p. 5.

Although Petitioner argues that Rehaif invalidates his conviction, he misconstrues its impact on his conviction. In Rehaif, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The Petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the Petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the Petitioner's visit to a firing range, where he shot two firearms, the Petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the Petitioner's objection, that the "United States is not required to prove" that the Petitioner "knew he was illegally or unlawfully in the United States." Id. at 2194. The jury found the Petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the Petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

Rehaif does not apply to Petitioner's motion. The requirement of proof by the

Government that a defendant knew he belonged to the relevant category of persons barred from possessing a firearm was found in the context of a jury trial. In the instant case, Petitioner was charged with "knowingly" possessing a firearm in and affecting commerce "after having been convicted of a crime punishable by imprisonment for a term exceeding one year." He pleaded guilty to this charge. Petitioner admitted all the facts essential to sustain his conviction under Section 922(g)(1) when he agreed to plead guilty. United States v. Broce, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); see also United States v. Willis, 992 F.2d 489, 490 (4th Cir 1993) ("A knowing, voluntary, and intelligent plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."[4]

Consequently, because Petitioner attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF**

---

[4] To the extent that this petition could be construed as an allegation that Petitioner's plea was not knowingly and intelligently made, this is not the type of collateral attack contemplated by either In re Jones or Wheeler. Instead, Petitioner should have filed a direct appeal and/or § 2255 petition.

**JURISDICTION**. The undersigned further recommends that Petitioner's Motion for Order to Show Cause [ECF No. 7] be **DENIED AS MOOT**.

The Petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: January 21, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

9