IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**COREY SPRUILL,**

        Petitioner,

v.                                                  Civil Action No. 5:19-CV-334
                                                            (BAILEY)

**PAUL ADAMS**, Warden,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 15]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 21, 2020, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

The petitioner is a federal inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on December 23, 2019, pursuant to 28 U.S.C. § 2241. On August 15, 2018, petitioner was sentenced to seventy-eight months' imprisonment for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] According to the BOP website,

---

[1]Taken from Spruill's criminal docket from the Eastern District of Virginia, available on PACER. See ***United States v. Spruill***, 3:18-cr-00032-HEH-1, Doc. 27.

1

petitioner is scheduled to be released on October 5, 2023.

In his memorandum of law in support of his petition, Spruill argues that his conviction under 18 U.S.C. § 922(g) is invalid under the recent decision *Rehaif v. United States*, 139 S.Ct. 2191 (2019). Specifically, petitioner contends that "While Petitioner was a convicted felon, he did not possess the mental wherewithal to understand that such statute prohibited him from possessing a firearm." [Doc. 1-1 at 10]. Petitioner argues that because he was convicted before the *Rehaif* decision, his conviction was based on an erroneous application of the law. [Id. at 12].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections

where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections to the R&R [Doc. 16] on January 29, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

3

Here, the magistrate judge found that the petition should be dismissed because petitioner cannot meet the *Jones* test. In particular, the magistrate judge found that "the crime for which [petitioner] was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of *Jones*." [Doc. 15 at 6]. Further, the R&R notes that although the petitioner bases his argument on the four-step analysis for challenging a sentence set forth in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), that test is inapplicable because petitioner is asserting actual innocence and challenging his conviction rather than his sentence. Id. Finally, the magistrate judge found that *Rehaif* is inapplicable to the petition because petitioner *plead guilty* to knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for more than one year. Id. at 8. Accordingly, the R&R recommends the petition be denied and dismissed without prejudice.

On January 29, 2020, the petitioner filed objections. First, the petitioner objects to two sentences in the R&R that appear to refer to the incorrect name and sentencing district for the petitioner. [Doc. 16 at 2]. Upon review, the sentences in question incorrectly refer to the petitioner as Damian Swindle and that he was sentenced in the Western District of Michigan, neither of which is correct. However, it appears that this is merely a clerical error and the remainder of the R&R makes clear that the magistrate judge correctly considered Mr. Spruill's petition. Because this error does not have any substantive effect on the magistrate judge's findings, this objection is overruled.

Second, petitioner raises two objections, numbered 2 and 7, in which he reasserts his argument, based on *Rehaif*, that his conviction did not support the requirement that he

4

knew he was in a category of persons barred from possessing a firearm. [Doc. 16 at 2-3]. This Court finds that the magistrate judge is correct in finding that the petitioner's guilty plea admitted all the elements necessary for his conviction and that *Rehaif* is inapplicable to his petition. [Doc. 15 at 7-8]. Accordingly, these objections are overruled.

Finally, the majority of petitioner's objections, numbered 3-6, either reassert why petitioner contends he meets the test in *Wheeler* or object to the R&R's application of *Jones*, as petitioner contends *Wheeler* is the appropriate test and that the magistrate judge erred in finding that petitioner is challenging his conviction rather than the validity of his sentence. [Doc. 16 at 2-3]. Despite his claim to the contrary, this Court finds that petitioner is challenging his conviction, as illustrated in his objections: "Mr. Spruill never stated that he was actually innocent, as the magistrate [judge] indicates. But, the indictment proves that Mr. Spruill is actually innocent of violating sections 922(g), and 924(a)(2)." [Doc. 16 at 9], citation omitted. Because the petitioner is clearly asserting actual innocence, the magistrate judge correctly concluded that *Jones* provides the correct test. Accordingly, these objections are overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 16]** are **OVERRULED**. This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Motion For Warden Paul Adams to Show Cause and Produce Petitioner to Court Pursuant to 2243 Motion to

Show Cause [Doc. 7] is hereby **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: February 5, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE